UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE VICKERS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-3912-B-BH |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER OVERRULING GOVERNMENT'S OBJECTIONS AND ADOPTING THE FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Government's Objection, Doc. 22, to the United States Magistrate Judge's Findings, Conclusions, and Recommendation, Doc. 21.The Court **OVERRULES** the Government's objection.

## I.

## BACKGROUND

The Magistrate Judge's Report and Recommendation provides the history of this case, and the Court will not reproduce a detailed here. Suffice it to say that Vickers petitioned the Court under 28 U.S.C. § 2255 to resentence him, the Magistrate Judge agreed and recommended that the Court resentence Vickers, and the Government timely objected to the Magistrate Judge's Report and Recommendation.

## II.

## ANALYSIS

Rule 72(b) of the Federal Rules of Civil Procedure provides that within fourteen days after

being served a copy of the Magistrate Judge's recommendation, a party may file specific written objections. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). "The district court must then 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made' before accepting, rejecting, or modifying those findings or recommendations." *Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 381 (5th Cir. 2004) (quoting 28 U.S.C. § 636(b)(1)).

The Court originally gave Vickers an enhanced sentence under 18 U.S.C. § 924(e) based on three of Vickers's prior felony convictions. Doc. 21, R & R, 2. One of those convictions was for murder under Texas law. *Id.* at 1.

Section 924(e)(1) imposes a mandatory minimum sentence on convicts who have already been convicted of three violent felonies. Section 924(e)(2)(B) defines "violent felony" in part as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another." The Court will refer to this clause of the definition as "the force clause." Although the statute formerly defined violent felony additionally to include crimes involving "conduct that presents a serious potential risk of physical injury to another," the Supreme Court struck down that part of the definition as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

Vickers argues that he should be resentenced. Doc. 14, Mot. to Vactate. He contends that after *Johnson* his Texas murder conviction no longer fits the definition of violent felony because Texas murder does not fall under the force clause. *Id.*

The Magistrate Judge agreed with Vickers. Doc. 21, R & R, 14. The Magistrate Judge found that the force clause does not encompass Texas murder because Texas law defines murder as causing

the death of another human being,[1] and a jury can convict a defendant of murder without finding that the defendant used physical force. *Id.* at 10–14. Although the Government argued that the Supreme Court case *United States v. Castleman*, 134 S. Ct. 1405, 1410 (2014) requires courts to find that crimes involve the use of physical force even when only indirect force will support a conviction, Doc. 22, Objection, 4, the Magistrate Judge recognized that the Fifth Circuit has continued to distinguish between crimes involving direct force and those involving indirect force after *Castleman* and continued to exclude crimes involving only indirect force from the definition of violent felony, Doc. 21, R & R, 10–14.

The Magistrate Judge correctly applied Fifth Circuit law. Even after *Castleman*, the Fifth Circuit has continued to exclude crimes involving only indirect force from § 924(e)'s definition of violent felony. *See United States v. Rico-Mejia*, 859 F.3d 318, 322–23 (5th Cir. 2017). The Court notes however that the Fifth Circuit is alone in taking this approach; the rest of the circuits to consider the matter have held that *Castleman* abolished the distinction between direct and indirect force in force-clause cases and have begun to include crimes involving the use of indirect force in the definition of violent felony.[2] Whatever the other circuits' approaches, though, the Court follows the

---

[1] Tex. Penal Code § 19.02(a).

[2] See *United States v. Ontiveros*, 875 F.3d 533, 538–39 (10th Cir. 2017); *United States v. Chapman*, 866 F.3d 129, 133 (3d Cir. 2017) (applying *Castleman* to USSG § 4B1.2); *United States v. Reid*, 861 F.3d 523, 529 (4th Cir. 2017) (applying *Castleman* to USC § 924(e)(1)); *United States v. Jennings*, 860 F.3d 450, 458–60 (7th Cir. 2017) (same); *United States v. Rice*, 813 F.3d 704, 705–06 (8th Cir.) (applying *Castleman* to USSG § 4B1.2), cert. denied, ⸺ U.S. ⸺, 137 S.Ct. 59, 196 L.Ed.2d 59 (2016); *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1131 (9th Cir. 2016) (implicitly applying reasoning of *Castleman* to 18 U.S.C. § 16(a)), cert. denied sub nom. *Hernandez v. Sessions*, ⸺ U.S. ⸺, 137 S.Ct. 2180, 198 L.Ed.2d 232 (2017); *United States v. Hill*, 832 F.3d 135, 143 (2d Cir. 2016) (applying *Castleman* to 18 U.S.C. § 924(c)(3)(A)); *United States v. Haldemann*, 664 Fed.Appx. 820, 822 (11th Cir. 2016) (unpublished) (applying *Castleman* to USSG § 4B1.2).

Fifth Circuit and therefore overrules the Government's objection, adopts the Magistrate Judge's Report and Recommendation, and vacates Vicker's sentence.

### III.

### CONCLUSION

The Court **OVERRULES** the Government's objection, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **VACATES** Vicker's sentence.

**SO ORDERED.**

**Dated: June 5, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE