IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE VICKERS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | CASE NO. 3:15-CV-3912-B-BK |
| | § | (CRIMINAL NO. 3:06-CR-229-B) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Michael Dewayne Vickers's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the relief previously granted on the motion is **AFFIRMED**.

## I.     BACKGROUND

Vickers was convicted by a jury of being a felon in possession of a firearm. *United States v. Vickers*, No. 3:06-CR-229-B, Crim. Doc. 44. He was determined to be an armed career criminal and sentenced to a term of imprisonment of 190 months with credit for 22 months served on his related state case. Crim. Doc. 52. His judgment and sentence were affirmed on appeal. *United States v. Vickers*, 540 F.3d 356 (5th Cir. 2008). His first motion under Section 2255 was denied. *Vickers v. United States*, No. 3:09-CV-1777-B. He did not appeal. He next filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his burglary conviction was not a crime of violence, and the petition was denied. *Vickers v. Maye*, No. A-11-CV-958-LY, 2012 WL 2462009 (W.D. Tex. June 26, 2012). The Fifth Circuit affirmed, also denying leave to pursue a successive motion. *Vickers v. Maye*, No. 12-50837, 546 F. App'x 395 (5th Cir. Apr. 24, 2013).

On November 30, 2015, Vickers filed another motion under Section 2255.[1] Civ. No. 2 at 5 (reflecting that the motion was delivered to prison authorities for mailing on that date). The Court appointed counsel to represent Vickers, Civ. Doc. 9, and transferred the motion to the Fifth Circuit to decide whether to authorize Vickers to pursue a second or subsequent motion. Civ. Doc. 11. The Fifth Circuit authorized Vickers to pursue a motion challenging the enhancement of his sentence based on his conviction for murder.[2] Civ. Doc. 12. The Court ordered that Vickers file an amended Section 2255 motion, Civ. Doc. 13, which he did. Civ. Doc. 14. In 2018, the Court granted relief, resentencing Vickers to a term of imprisonment of 98 months. Crim. Doc. 88. The Government appealed and the Fifth Circuit reversed. *United States v. Vickers*, 967 F.3d 480 (5th Cir. 2020). The United States Supreme Court granted certiorari, returning the case to the Fifth Circuit for further consideration in light of *Borden v. United States*, 593 U.S. 420, 141 S. Ct. 1817 (2021). *Vickers v. United States*, 141 S. Ct. 2783 (2021). The Fifth Circuit remanded the case to this Court for further proceedings. *United States v. Vickers*, No. 18-10940, 2022 WL 780421 (5th Cir. Mar. 14, 2022). Specifically, the Court is to consider the case in light of *Borden*, first determining whether there is jurisdiction to consider the successive petition in light of *United States v. Wiese*, 896 F.3d 720 (5th Cir. 2018), and *United States v. Clay*, 921 F.3d 550 (5th Cir. 2019). *Id.* The Court ordered supplemental briefing, Civ. Doc. 35, which it has now received. Civ. Docs. 42, 49, 56.

---

[1] A motion submitted by a prisoner is deemed filed on the date it is deposited into the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

[2] The Fifth Circuit ruled that Vickers could not challenge the enhancement based on his burglary conviction. Civ. Doc. 12.

II.     ANALYSIS

A prisoner making a second or successive habeas motion must meet two requirements before the motion can be heard on the merits. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). First, he must obtain the Fifth Circuit's permission to file the motion, which he has done in this case. Second, he must "actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Id.* If he fails to make that showing, the district court must dismiss the motion without reaching the merits. *Id.*; 28 U.S.C. § 2244(b)(4).

To prove that his successive motion actually relies on a new rule established in *Johnson*, Vickers must show that it was more likely than not that he was sentenced under the residual clause of the ACCA. *See United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019) (discussing *Johnson* and holding that to bring a successive claim, the prisoner must establish that it was more likely than not that he was sentenced under section 924(e)'s residual clause). Whether the sentencing court relied on the residual clause is a question of historical fact. *Savoca v. United States*, 21 F.4th 225, 232 (2d Cir. 2021), *rev'd in part on other grounds on reh'g*, 2022 WL 17256392 (2d Cir. Nov. 29, 2022); *Wiese*, 896 F.3d at 724. To determine reliance on the residual clause, the reviewing court looks to (1) the sentencing record for direct evidence of a sentence and (2) "the relevant background legal environment that existed at the time of the defendant's sentencing and the presentence report and other relevant materials before the district court." *Wiese*, 896 F.3d at 725 (quoting *United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018) (cleaned up)). The movant must offer more than a theoretical possibility that the sentencing court relied upon the

3

residual clause. *Id.* at 726. Where the record is unclear, the movant cannot make the requisite showing. *United States v. Chaney*, 820 F. App'x 290, 292 (5th Cir. 2020).

Here, although the Court has not previously addressed the jurisdictional question as such, it has determined that Vickers met his burden of proving entitlement to relief. The sole ground of his motion was that use of his 1982 murder conviction to enhance his sentence under 18 U.S.C. § 924(e), violated his right to due process because it could only be a violent felony under that section's residual clause as murder was not enumerated in the statute and did not fall within the elements clause. Civ. Doc. 14 at 7. In other words, Vickers could only have been sentenced under the residual clause and, because of *Johnson*, he was entitled to relief. The Findings, Conclusions, and Recommendation, Civ. Doc. 21, specifically determined that use of force is not an element of murder under Texas law; therefore, since the enhancement could no longer stand under the residual clause after *Johnson*, relief must be granted. The Government's sole objection was that Texas murder required the use of force. Civ. Doc. 22. The Court overruled the objection and adopted the recommendation to vacate Vickers' sentence. Civ. Doc. 23.

Whether Vickers was sentenced under the residual clause or under the elements clause is irrelevant inasmuch as he is entitled to relief either way. His ground for relief is broad enough to encompass relief under *Johnson* as well as under *Borden*, which was decided while his appeal was pending. The Supreme Court said as much when it remanded for reconsideration in light of *Borden*. And, had the Fifth Circuit reconsidered in light of *Borden*, it would have had to withdraw its opinion reversing this Court's judgment.

Having reconsidered the record in light of the law at the time of Vickers' initial sentencing, *Clay*, 921 F.3d at 556, the Court is satisfied that it was not a foregone conclusion that murder fell

under the elements clause of Section 924(e). *See, e.g., United States v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006) (assault was not a crime of violence; distinguishing causation of injury from use of force); *United States v. Vargas-Duran*, 356 F.3d 598, 605–06 (5th Cir. 2004) (intoxication assault does not require the intentional use of force as an element); *United States v. Gracia-Cantu*, 302 F.3d 308, 311–312 (5th Cir. 2002) (injury to a child was a results oriented crime in that the culpable mental state related to the results of a defendant's conduct rather than the conduct itself; since it did not require application of force as an element, it did not qualify as a crime of violence).[3] *See also James v. United States*, 550 U.S. 192 (2007) (identifying attempted murder as a prototypically violent crime under the residual clause); *United States v. Davis*, 487 F.3d 282 (5th Cir. 2007) (assessing robbery under the residual, rather than elements, clause). In such cases, including this one, the Court relied upon the residual clause to support the enhancement.

Turning to the merits of Vickers' motion, the Court has already determined that the categorical approach is appropriate. Civ. Doc. 21. The Government did not object to that determination. Civ. Doc. 22. The Fifth Circuit used the categorical approach on appeal. *Vickers*, 967 F.3d at 484. It has not instructed that the matter can or should be reconsidered. Rather, the mandate is simply that the Court consider the case "in light of *Borden*." *Vickers*, 2022 WL 780421, at *1. Under *Borden*, recklessness cannot count as a violent felony under the elements clause of the ACCA. 593 U.S. at 423–24. State law at the time of Vickers' murder conviction required the culpable mental state to be "one of intent, knowledge, or recklessness." *Vickers*, 967 F.3d at 486 (quoting *Rodriquez v. State*, 548 S.W.2d 26, 28 (Tex. Crim. App. 1977)). Because Texas murder

---

[3] Although these cases were later overruled on other grounds, *see United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018), they represent the state of the law at the time of sentencing.

could be established by reckless conduct, it does not qualify as a use of force to support enhancement under the ACCA. Accordingly, the relief that has already been granted Vickers should be upheld.

## III.   CONCLUSION

Accordingly, the relief previously granted to Vickers on his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **AFFIRMED**.

SO ORDERED this 29th day of April, 2024.


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

6